MARY A. SHÆFFER vs. LOTTIE BROWN.

WASHINGTON—July 19, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Equity. Res Judicata.*

Where one incloses a tract of land by a fence he exercises dominion over the whole of it, and a judgment in an action of trespass brought by one claiming a right in the entire tract is conclusive of the right of the plaintiff in the whole tract.

BILL IN EQUITY seeking an injunction on the grounds set forth in the opinion. Heard on sufficiency of plea to bill, and plea overruled.

STINESS, C. J. This is a bill in equity to enjoin the respondent from maintaining a fence across a strip of land designated as a street, adjoining the complainant's land and over which she claims a right of way. The respondent first built a fence inclosing the land in question prior to October, 1899, and the complainant brought an action of trespass on the case for the obstruction of the way, and the respondent pleaded soil and freehold to the close. The complainant recovered judgment in that case, which is set out in the bill. The respondent then moved the fence back one foot, still obstructing the way substantially as before, and sets up in her answer, by way of plea, that the verdict in the former case does not determine anything except that said fence and encroachment of the respondent had extended into the right of way of the complainant and was, to a certain extent, an obstruction and encroachment to the complainant's right of way, but said verdict did not determine as to what extent, or to what distance, or to what quantity of land in area said fence and encroachment was an obstruction to said right of way.

(1) The case is before us on the sufficiency of the plea.

In *City of Providence* v. *Adams*, 10 R. I. 184, the rule was laid down that in an action of trespass *qu. cl.*, where the

defendant justifies by means of *liberum tenementum*, only the title to that part of the tract in which the alleged trespass was committed is put in issue, and the record of judgment in such a case is proof of title in the party in whose favor it is rendered only to the extent of the place of the alleged trespasses which may have been proved. If, therefore, the record in this case shows a trespass by the respondent as to the whole of the tract here claimed, the judgment in the former case is conclusive; if, on the other hand, it does not show such a trespass, then the respondent's plea is good and may stand.

There is an evident distinction between a trespass which consists in going upon a part of the close of another under a claim of title and a trespass which consists in excluding one from the entire close. The rule above stated is based upon the principle that as one need only justify to the extent of his trespass, his plea is not to be construed to have any larger effect. In the former case the presumed claim of title is only to that part of a tract of land over which one has exercised dominion in the alleged act of trespass. Accordingly the effect of the judgment is limited to that extent. In the latter case there is no trespass to a particular part, but to the whole tract. If one incloses a tract by a fence he thereby exercises dominion over the whole of it because he has thereby excluded the adverse claimant from the whole tract which has been fenced off. The record in this case shows that the complainant claimed a right in the whole width of the street, forty-five and one-tenth feet at the southeasterly corner of the respondent's lot, and forty-two and eighty-five hundredths feet at its junction with the highway. The respondent did not fence off one foot in width of that part in dispute, leaving the complainant free to use the remainder. If she had so done, her claim as to the effect of the judgment might apply. She fenced off a part twenty-nine feet in width at one end and twenty-seven feet at the other end, thereby asserting claim to it and trespassing upon and excluding the complainant from the entire tract so inclosed.

The doctrine of *City of Providence* v. *Adams* is that the estoppel of the judgment is co-extensive with the trespass.

Consequently in this case the judgment in the action of trespass is conclusive of the right of the complainant to the street in question, and the averments of the plea are not a sufficient answer thereto.

The plea is overruled.

*Benjamin W. Case,* for complainant.

*A. B. Crafts,* for respondent.